# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GABRIEL BARTOLOMEI,**   Case Number: 8:22-cv-608

    **Plaintiff,**

v.

**OPEN ACCESS INSURANCE, LLC.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his complaint, Plaintiff states as follows:

Parties

2. Plaintiff, Gabriel Bartolomei, is a resident of Hillsborough County, Florida.

3. Defendant, Open Access Insurance, LCC, is an insurance enterprise located in Pasco County, Florida.

4. Plaintiff was employed by Defendant as an insurance sales agent from approximately September 2, 2020, until November 4, 2021.

## Jurisdiction

5. Plaintiff resides in Hillsborough County, Florida.

6. Defendant conducts business in Pasco County, Florida.

7. Defendant employed Plaintiff in Pasco County, Florida.

8. All events giving rise to this action occurred in Pasco County, Florida.

## Facts

9. Defendant employed Plaintiff as insurance sales agent.

10. Plaintiff was a non-exempt employee paid on an hourly basis of $16 per hour. Plaintiff also earned commissions at a rate of $30 per application completed.

11. Because Plaintiff was employed by Defendant as a non-exempt employee and was paid on an hourly basis, Plaintiff was entitled to be paid premium wages when he worked more than 40 hours in a single week.

12. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

13. Defendant is an insurance enterprise and sells health insurance to Florida residents.

14. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

15. At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

16. Defendant owns and operates an insurance agency in Pasco County, Florida.

17. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Pasco County, Florida.

18. At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee who was paid an hourly wage.

19. During the entirety of his employment, Plaintiff worked at least 42 hours per week.

20. Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

21. Plaintiff was not subject to any overtime exemptions.

22. Defendant engaged in an illegal policy of requiring Plaintiff to work 42 or more hours in each workweek of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

23. Defendant did not record all of the time worked by Plaintiff during his employment, which is a direct violation of 29 C.F.R. § 516.

24. Defendant regularly required Plaintiff to work before his shifts began and after his shifts ended while Plaintiff was off the clock.

25. Defendant ordered Plaintiff to clock out for lunch breaks and continue for work for Defendant during his lunch breaks while off the clock.

26. Plaintiff regularly worked more than 40 hours per week during his employment with Defendant, however, Plaintiff was not paid premium wages of at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

27. Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

28. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

29. The off the clock work performed by Plaintiff in Defendant's facility was performed in full view of Defendant's employees and managers.

30. Some of the duties performed by Plaintiff off-the-clock included making phone calls and communicating with clients via electronic mail.

31. Plaintiff regularly and habitually worked 2-5 hours of unpaid overtime per week.

32. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

33. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

34. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

35. Defendant is for profit corporation that operates and conducts business in, among others, Pasco County Florida, and is therefore, within the jurisdiction of the Court.

36. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and

responsibilities that involved insurance industry and required Plaintiff to regularly communicate with out-of-state clients, vendors, and entities. Plaintiff regularly communicated with persons located outside of Florida via telephone and electronic mail.

37.     This action is brought under the FLSA to recover from Defendant, unpaid commission wages, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

38.     The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

39.     At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the health insurance. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials

and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

40. At all material times relevant to this action, Plaintiff in his capacity as an insurance sales agent was individually covered by the FLSA. The very essence of Plaintiff's employment, insurance sales, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

41. Indeed, Plaintiff was regularly required to communicate with out-of-state vendors and suppliers, out-of-state vendors, received mail from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

42. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

43. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

44. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that

might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

45. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

46. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

47. During Plaintiff's employment with Defendant, Plaintiff was to be paid a commission of $30 per insurance application completed by a potential client.

48. During Plaintiff's employment, Plaintiff caused approximately 100 insurance applications to be completed by potential clients.

49. However, Defendant failed, refused, and neglected to compensate Plaintiff his earned commission of $30 per application.

50. As of this filing, Defendant has failed to pay Plaintiff approximately $3,000 in unpaid, earned commissions.

## COUNT I – RECOVERY OF OVERTIME WAGES

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-50, above.

8

52. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

53. Plaintiff was an hourly, non-exempt employee.

54. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

55. Plaintiff regularly worked beyond 40 hours in a single workweek.

56. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

57. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

58. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

59. Plaintiff demands a trial by jury.

## COUNT II – UNJUST ENRICHMENT

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-50, above.

61. During Plaintiff's employment with Defendant, Defendant agreed and promised to pay Plaintiff $30 per application completed by potential clients resulting from Plaintiff's efforts.

61. During Plaintiff's employment with Defendant, Plaintiff conferred a benefit on Defendant. Specifically, Plaintiff caused approximately 100 insurance applications to be completed by potential clients.

62. Such settlements were a benefit to Defendant because each completed applications provided Defendant with potential customers which would generate monthly income for Defendant.

63. Defendant was aware of each application completed by Plaintiff's efforts.

64. Defendant accepted and retained the benefit of the applications completed as a result of Plaintiff's efforts.

65. It would be inequitable for Defendant to retain the benefit of Plaintiff's work without paying fair value for it.

66. Plaintiff has been damaged due to Defendant's willful failure to pay Plaintiff his earned wages.

67. Pursuant to § 448.08, Florida Statutes, Plaintiff is entitled to costs of the action and a reasonable attorney's fee because Plaintiff is seeking the payment of unpaid wages.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid minim wages, unpaid overtime wages, liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 15th day of March, 2022.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com